UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Roosevelt Baccus, # 187393, | ) C/A No. 9:11-1754-DCN-BM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| ~~The State~~, Leroy Cartledge, *Warden of McCormick Correctional Institution*, | ) |
| Respondent. | ) |

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Petitioner is an inmate at the McCormick Correctional Institution. In 2003 Petitioner was convicted of murder and first-degree burglary in the Court of General Sessions for Marion County. The convictions arose out of the murder of Petitioner's former girlfriend, Brenda Kay Godbolt, on November 14, 1999. Petitioner was sentenced to life in prison on the murder charge and to a concurrent life term on the burglary charge. *See State v. Baccus*, 367 S.C. 41, 625 S.E.2d 216 (2006) (where the Supreme Court of South Carolina affirmed the convictions on direct appeal), *cert. denied*, *Baccus v. South Carolina*, 172 L.Ed.2d 735, 129 S.Ct. 733 (2008).

Petitioner has fully answered only a few of the questions on the Section 2254 form submitted in the case at bar. Even so, the Public Index for the Marion County Clerk of Court office indicates that Petitioner filed a state application for post-conviction relief (Case No.



2006-CP-33-0445) on December 6, 2006. Case No. 2006-CP-33-0445 was decided by the Court of Common Pleas on April 30, 2008, and the case was apparently appealed because the Public Index indicates that the remittitur from the Supreme Court of South Carolina was docketed in the post-conviction case on August 25, 2010. The Public Index for the Marion County Clerk of Court office also shows a pending post-conviction case, Case No. 2010-CP-33-0994 (filed on December 2, 2010). The Public Index indicates that Petitioner's convictions were entered on May 23, 2003, but on page 1 of the Petition, Petitioner lists June 23, 2003, at the date of the convictions.[1]

No grounds are enumerated in the Petition. Petitioner refers to Attachment D, but the exhibits appended to the Petition (ECF No. 1-1) do not contain a list of grounds. Petitioner, however, does seek "IMMEDIATE RELIEF FROM STATE CUSTODY[.]" (Petition [ECF No. 1], at page 14).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion for leave to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25

---

[1]A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *See In Re Katrina Canal Breaches Consolidated Litigation*, 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating); and *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. June 1, 2011).



(1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even when considered under this less stringent standard, however, the undersigned finds and concludes that the Petition is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Petitioner previously filed a habeas corpus action in this Court pursuant to 28 U.S.C. § 2254 to challenge his convictions for murder and first-degree burglary on June 29, 2006. *See John Roosevelt Baccus v. Stan Burtt, et al.*, Civil Action No. 0:06-1912-DCN-BM. In an Order filed in Civil Action No. 0:06-1912-DCN-BM on May 16, 2007, the Honorable David C. Norton, United States District Judge, granted summary judgment to the respondents, denied Petitioner's motion for summary judgment, and dismissed the case *with prejudice*. *Baccus v. Burtt*, Civil Action No. 0:06-1912-DCN-BM, 2007 U.S. Dist. LEXIS 35972, 2007 WL 1468700 (D.S.C. May 16, 2007). Petitioner's subsequent appeal (Fourth Circuit Docket No. 07-6754) in Civil Action No. 0:06-1912-DCN-BM was not successful. The United States Court of Appeals for the Fourth Circuit dismissed the appeal on September 17, 2007, and the Supreme Court of the United States later denied discretionary appellate review. *See Baccus v. Burtt*, No. 07-6754, 241 Fed.Appx. 973, 2007



U.S. App. LEXIS 22178, 2007 WL 2720408 (4th Cir. Sept. 17, 2007), *cert. denied*, 552 U.S. 1286 (2008).

Since Civil Action No. 0:06-1912-DCN-BM was decided by summary judgment, the petition in the above-captioned case (Civil Action No. 9:11-1754-DCN-BM) is successive. *See Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). When a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."

There is no indication in the present Petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the Petition in the above-captioned case. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."). Therefore, before Petitioner may file another Section 2254 petition in the United States District Court for the District of South Carolina, he *must* seek and obtain leave (*i.e.*, written permission)



from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit (1100 East Main Street — Suite 501, Richmond, Virginia 23219-3517). *See In re: Williams*, 330 F.3d 277 (4th Cir. 2003). The form is entitled "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244." However, as he has not done so, this Petition is subject to dismissal.

### *Recommendation*

Accordingly, it is recommended that this Section 2254 Petition be dismissed *without prejudice and without requiring Respondent to file an answer or return. See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 U.S.Dist. LEXIS 4614, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. *See also* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."



It is also recommended that the Court deny a Certificate of Appealability. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 2, 2011

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

